**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Josue Manuel Hernandez Sanchez,<br><br>Petitioner<br>v.<br><br>Jason Knight, et al.,<br><br>Respondents | Case No.: 2:26-cv-01290-JAD-MDC<br><br>**Order Granting Habeas Relief and Denying as Moot Motion to Expedite**<br><br>[ECF Nos. 1, 8] |

Petitioner Josue Manuel Hernandez Sanchez is an El Salvadoran citizen who was taken into custody by Immigration and Customs Enforcement (ICE) officials in mid-December 2025. He has been in ICE detention at the Nevada Southern Detention Center in Pahrump, Nevada since his arrest. Hernandez Sanchez seeks a writ of habeas corpus, alleging that he has not received a bond hearing and is being held without a significant likelihood of removal in the reasonably foreseeable future in violation of his due-process rights. The government responds that Hernandez Sanchez is not statutorily entitled to a bond hearing and that his due-process rights have not been violated because he has not been indefinitely detained for more than six months.

But Hernandez Sanchez is not entitled to a bond hearing because he is subject to a prior removal order and is thus detained under 8 U.S.C. § 1231. Because Hernandez Sanchez has now been detained for at least six months with no good reason to believe his removal is forthcoming, and the government has failed to present any evidence suggesting otherwise, I order his immediate release subject to reasonable conditions of supervision. I prohibit the respondents from re-detaining Hernandez Sanchez absent a demonstrable change in circumstances regarding ICE's ability to remove him to El Salvador or any country designated by the immigration court

in Hernandez Sanchez's withholding proceedings. I then deny as moot his emergency motion for expedited consideration and supplement to petition.

## Background

Hernandez Sanchez is a citizen of El Salvador who first entered the United States unlawfully on an unknown date.[1] He was removed via expedited removal on June 26, 2007.[2] In 2019, United States Border Patrol encountered Hernandez Sanchez and his three daughters at the United States–Mexico border and reinstated his prior order of removal.[3] He was released under supervision.[4] On December 17, 2025, Hernandez Sanchez was arrested by Las Vegas Metropolitan Police officers on misdemeanor domestic-battery charges, and the Department of Homeland Security (DHS) subsequently detained him and reinstated the prior removal order.[5]

In January 2026, DHS conducted a reasonable-fear interview and issued a negative finding.[6] But an immigration judge (IJ) reversed that decision, finding that Hernandez Sanchez had established a reasonable fear of returning to El Salvador.[7] The IJ scheduled withholding-only proceedings in which Hernandez Sanchez presented evidence at trial of his daughter's disability, lack of assistance by the El Salvadoran government, familial support, and reasonable fear of persecution due to particular social groups as grounds for his claims.[8] The IJ denied

---

[1] ECF No. 10-1 at 4 (Hernandez Sanchez's Form I-213).

[2] ECF No. 1-2 at 2.

[3] ECF No. 10-1 at 4.

[4] *Id.* at 5.

[5] ECF No. 1 at ¶ 5; *see* ECF No. 1-3.

[6] ECF No. 1 at ¶ 6; *see* ECF No. 1-3 at 5–8.

[7] ECF No. 1 at ¶ 6; *see* ECF No. 1-4.

[8] ECF No. 1 at ¶¶ 7–8; *see* ECF Nos. 1-6, 1-7, 1-8.

Hernandez Sanchez's application and he appealed to the BIA.[9] Hernandez Sanchez sought a bond hearing in April during his withholding-only proceedings, but his request was rejected because the IJ said he "cannot give [Hernandez Sanchez] a bond hearing due to the nature of his detention (withholding[-]only proceedings) and prior removal [o]rder."[10] He has not received any further opportunities to seek bond.

The government contends that Hernandez Sanchez is not entitled to any bond hearings because he has not been detained for six months and his detention is governed by 8 U.S.C. § 1255(b)(2)(A), a statute that applies to "applicants for admission" and does not afford bond hearings for detainees held under that authority.[11] Hernandez Sanchez responds that § 1231 governs his detention and that the United States Supreme Court interpreted this statute as permitting continued detention only if a noncitizen's removal is "reasonably foreseeable."[12] Hernandez Sanchez argues that, at the time of his petition, he was detained for five months with no foreseeability of removal.[13] He has now been detained for more than eight months.

---

[9] Dep't of Homeland Sec., Automated Case Information System, https://acis.eoir.justice.gov/en/.

[10] ECF No. 1 at ¶ 3.

[11] ECF No. 5 at 4–5.

[12] ECF No. 1 at ¶¶ 26–27.

[13] *Id.* at ¶ 28; ECF No. 7 at 4.

## Discussion

**A. This court has jurisdiction over Hernandez Sanchez's claims.[14]**

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[15] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[16]

**B. Hernandez Sanchez's detention is governed by § 1231 and he is thus not entitled to a bond hearing.**

Hernandez Sanchez has been detained since December 2025 without a custody-determination hearing.[17] He argues that 8 U.S.C. § 1231 governs detention following a final order of removal like his and that he is accordingly entitled to a bond hearing or immediate release because of his prolonged detention.[18] The government agrees, then disagrees. It first states that Hernandez Sanchez is "lawfully detained under 8 U.S.C. § 1231(a)(6) as he has been issued a previous final order of removal."[19] The government then—after detailing the current

---

[14] The government briefly mentions that Hernandez Sanchez failed to exhaust his administrative remedies and states that his petition must therefore be dismissed. ECF No. 5 at 2. The government offers no further argument on this point. Regardless, I waive the prudential exhaustion requirement because the IJ believed that he did not have jurisdiction to provide a bond hearing during Hernandez Sanchez's withholding-only proceedings. *See* ECF No. 1 at ¶¶ 34–35; *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Further irreparable injury would result in Hernandez Sanchez's continued detention while he goes through the futile process of seeking a bond determination. *Hernandez*, 872 F.3d at 988.

[15] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[16] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[17] ECF No. 1 at ¶¶ 2, 10.

[18] *Id.* at ¶ 26.

[19] ECF No. 5 at 3.

case law interpreting § 1231—says that "Section 1225(b)(2) provides that 'a[] [noncitizen] who is an applicant for admission' '*shall be detained*' pending removal proceedings" if the noncitizen "seeking admission is not clearly and beyond a doubt entitled to be admitted."[20] The government fails to explain how Hernandez Sanchez could be detained under both § 1225 and § 1231.

The Immigration and Nationality Act (INA) and its implementing regulations create a complex set of rules governing the government's authority to arrest, detain, order removed, and deport noncitizens. 8 U.S.C. § 1231(a) "governs the detention of [noncitizens] subject to reinstated orders of removal."[21] It establishes a 90-day "removal period" that begins on "(i) the date the order of removal becomes administratively final, (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order," or the date the noncitizen is released from non-immigration detention.[22] But during withholding-only proceedings, DHS cannot remove a noncitizen "to the country designated in the removal order unless the order of withholding is terminated."[23] Even when seeking removal to a different country, a noncitizen's underlying removal order remains administratively final and cannot be reviewed.[24]

8 U.S.C. § 1225(b) governs detention for some noncitizens whose immigration proceedings are pending. Section 1225(b)(1) applies to applicants for admission who are

---

[20] *Id.* at 4–5.

[21] *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021).

[22] 8 U.S.C. § 1231(a)(1)(B).

[23] *Johnson*, 594 U.S. at 531.

[24] *Id.* at 530; *see also Padilla-Ramirez v. Bible*, 882 F.3d 826, 832, 836 (9th Cir. 2017) ("By its terms, section 1231(a)(5) inoculates the prior removal orders underlying reinstatement orders against any challenge, and withholding-only proceedings do not override that proscription.").

determined to be inadmissible due to "fraud, misrepresentation, or lack of valid documentation" and requires removal without a hearing except in limited circumstances.[25] The provision cited by the government, § 1225(b)(2), is a "catchall provision" for remaining applicants.[26] This part of the statute "requires detention for a removal proceeding."[27] Detention authority shifts to § 1231 after a noncitizen has "already been ordered removed from the country" and the order is not subject to a judicial stay.[28] Noncitizens detained under § 1231 are not entitled to a bond hearing.[29]

I find that Hernandez Sanchez is detained under 8 U.S.C. § 1231. Hernandez Sanchez is noncitizen subject to a final removal order.[30] After his December 2025 arrest, DHS reinstated his prior removal order and Hernandez Sanchez began withholding-only proceedings.[31] Even though Hernandez Sanchez is appealing his withholding-only proceedings, the removal order is final and his removal proceedings are not ongoing.[32] Hernandez Sanchez's detention is thus governed by § 1231, so he is not statutorily entitled to a bond hearing. But Hernandez Sanchez may be entitled to release if he shows that he is not likely to be removed in the reasonably foreseeable future.

---

[25] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (explaining that applicants for asylum or with a credible fear of prosecution are detained during further consideration of their application).

[26] *Id.*

[27] *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018) (cleaned up); *Rodriguez Diaz*, 53 F.4th at 1197.

[28] *Jennings*, 583 U.S. at 298.

[29] *Zadvydas*, 533 U.S. at 689.

[30] ECF No. 1-3 at 2–3.

[31] ECF No. 1 at ¶¶ 5–6; *see* ECF No. 1-3.

[32] *Padilla-Ramirez*, 882 F.3d at 836 (holding that withholding-only proceedings do not nullify an underlying final removal order).

**C. Hernandez Sanchez has been detained for eight months, and the government has not shown that his removal is likely in the reasonably foreseeable future.**

***1. The government has authority to detain noncitizens after they have been ordered removed.***

During 8 U.S.C. § 1231(a)'s 90-day "removal period," detention is mandatory.[33] The statute gives the government the ability to detain a noncitizen beyond that removal period under § 1231(a)(6) if he is inadmissible, removable "as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy,"[34] or has been determined "to be a risk to the community or unlikely to comply with the order of removal."[35] If those conditions aren't met, the government may release the noncitizen "subject to certain terms of supervision."[36]

***2. The Supreme Court has limited the government's statutory authority to indefinitely detain noncitizens awaiting removal.***

Section 1231(a)(6) contains no limit on the length of time that a noncitizen may be held post-removal period. But in *Zadvydas v. Davis*, the United States Supreme Court rejected the government's contention that noncitizens can be held indefinitely under § 1231(a)(6) because that interpretation "would raise a serious constitutional problem" under the Fifth Amendment's due-process clause.[37] To avoid its constitutional concerns, the High Court interpreted the statute

[33] 8 U.S.C. § 1231(a)(2)(A).

[34] *Zadvydas*, 533 U.S. at 682.

[35] 8 U.S.C. § 1231(a)(6).

[36] *Zadvydas*, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6)) (cleaned up).

[37] *Id.* at 690.

to permit continued detention only if a noncitizen's removal is "reasonably foreseeable."[38] It determined that six months of post-removal-period detention is presumptively reasonable.[39] But after six months, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to show that his prolonged detention exceeds the government's statutory authority and that he should be released from ICE custody.[40] If the noncitizen meets that burden, "the government must respond with evidence sufficient to rebut that showing."[41] And as "the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."[42]

***3. Hernandez Sanchez has provided good reasons to believe that he will not be removed in the reasonably foreseeable future.***

The parties agree that the *Zadvydas* burden-shifting framework triggers at six months,[43] but the government argues that, at the time of his petition, Hernandez Sanchez's five-month detention did not meet this threshold.[44] Hernandez Sanchez has now been detained for more than eight months under his prior removal order.[45] So I find that Hernandez Sanchez has been detained for longer than six months, taking this case out of the presumptively reasonable period of detention established by *Zadvydas*.

---

[38] *Id.* at 699.

[39] *Id.* at 701.

[40] *Id.*

[41] *Id.*

[42] *Id.* (cleaned up).

[43] *Id.*

[44] *See* ECF No. 5 at 5.

[45] ECF No. 1 at ¶ 5.

Hernandez Sanchez thus bears the initial burden of showing that there are "good reasons to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[46] To meet his burden, Hernandez Sanchez submits that he has been detained since December 2025 with no timeline for an end to his proceedings.[47] He alleges that on January 30, 2026, the IJ scheduled withholding-only proceedings.[48] After trial, the IJ issued a negative finding and Hernandez Sanchez appealed to the BIA.[49] He alleges that withholding-only proceedings are continuous and indeterminate with no guarantee of an expedited resolution.[50] I find these representations sufficient to show that it is unlikely that Hernandez Sanchez will be removed in the reasonably foreseeable future.

The government fails to meet its shifted burden to "respond with evidence"[51] rebutting Hernandez Sanchez's showing. The government acknowledges only that proceedings remain ongoing and offers no evidence of imminent resolution.[52] The government's lack of particularized evidence does not meet its burden to show that there is a significant likelihood that Hernandez Sanchez will be removed in the reasonably foreseeable future. So Hernandez Sanchez's habeas petition on this ground is granted, and I prohibit the federal respondents from re-detaining him absent proof of changed circumstances demonstrating that his removal to El

---

[46] *Zadvydas*, 533 U.S. at 701.

[47] ECF No. 1 at ¶ 45.

[48] *Id.* at ¶ 6.

[49] *Id.* at ¶ 7; ECF No. 5 at 4.

[50] *Id.* at ¶ 46. I also note that Hernandez Sanchez was released on an order of supervision when the government detained him for removal in 2019, ECF No. 10-1 at 4, which indicates that it was unable to remove him then.

[51] *Zadvydas*, 533 U.S. at 701.

[52] ECF No. 5 at 2, 4.

Salvador or any country designated by the immigration court in Hernandez Sanchez's withholding proceedings is significantly likely to occur in the reasonably foreseeable future. And because his continued release is warranted based on this showing alone, I do not address Hernandez Sanchez's alternative bases for relief.[53]

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Josue Manuel Hernandez Sanchez's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 1] is GRANTED**. **Hernandez Sanchez must be released from detention within three days, subject to reasonable conditions of supervision to be imposed by Immigration and Customs Enforcement under 8 U.S.C. § 1231(a)(3). Imposition of those conditions must not impede Hernandez Sanchez's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Josue Manuel Hernandez Sanchez's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Hernandez Sanchez's release was effectuated.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Josue Manuel Hernandez Sanchez absent proof of changed circumstances making his removal reasonably foreseeable.**

---

[53] *Zadvydas*, 533 U.S. at 699–700 (noting that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and holding that, "[i]n that case, of course, the [noncitizen's] release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances").

IT IS FURTHER ORDERED that Josue Manuel Hernandez Sanchez's emergency motion for expedited consideration and supplement to petition **[ECF No. 8] is DENIED** as moot.

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
August 28, 2026